UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN BUCKLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.<br><br>Defendant. | Case No.: 5:13-CV-02812-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 15]** |

Plaintiff Susan Buckley ("Plaintiff"), an individual, brings this class action against Defendant Align Technology Inc. ("Align") alleging that Align has engaged in fraudulent misrepresentation regarding the Invisalign system, deceiving customers into believing that it can treat malocclusions. Plaintiff's alleged basis for federal jurisdiction is 28 U.S.C. § 1331. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. No. 15. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having fully reviewed the parties' papers, and for the following reasons, the Court GRANTS Defendant's Motion to Dismiss.

**I. BACKGROUND**

    **a. Parties and Factual Background**

Align is a Delaware corporation that "designs, manufactures, markets and sells the Invisalign system … as well as 3D digital scanning products and services for orthodontic and

1

restorative dentistry worldwide." First Am. Compl. ("FAC") ¶ 7, Docket Item No. 14. Align's Invisalign system "consists of a series of doctor-prescribed, custom manufactured, thin, clear plastic removable orthodontic appliances (aligners) that move that patient's teeth in small increments from their original state to a more optimal treated state." Id. Ex. A. Since 1999, more than 1.5 million patients in over forty-five countries have used the Invisalign system. Id. ¶ 7.

Plaintiff asserts that on December 28, 2008, she began using Invisalign aligners to treat her malocclusions.[1] Id. ¶ 6. Plaintiff purchased the Invisalign product after her dentist took dental impressions of her teeth pursuant to Align's instructions and sent them to be evaluated by Invisalign employees. Id. ¶ 20. She wore the aligners as directed through November 2010, at which point she discovered that the Invisalign product was not treating her malocclusions. Id. ¶ 6. In October 2011, Plaintiff underwent dental treatment to correct dental issues that the Invisalign system failed to treat. Id.

Plaintiff alleges that Align misled her and other consumers similarly situated to believe that the Invisalign aligners could improve malocclusions. Id. Plaintiff claims that Align's misrepresentations are publicized in advertising and product packaging. Id. ¶ 14. As an example, Plaintiff points to Align's website, which claims:

> From mild cases of crooked teeth and protruding teeth, to much more difficult dental problems involving serious malocclusion, overbite, or underbite, Invisalign[] effectively corrects a wide variety of dental problems. Whether your teeth are widely gapped, overly crowded or somewhere in between, Invisalign has an affordable teeth straightening option for you.

Id. ¶ 15 (citing Invisalign's Treatable Cases, www.invisalign.com/How-Invisalign-Works/Pages/Treatable-Cases.aspx (last visited July 31, 2014)). Plaintiff alleges that class members later learn, after relying on false advertising by Align, that they need other dentistry procedures to treat their malocclusions. Id. ¶ 22. Accordingly, Plaintiff alleges that she and class

---

[1] Malocclusion means the misalignment of teeth. Individuals suffering from malocclusion may have a difference between the size of the upper and lower jaws or between jaw and tooth size, resulting in overcrowding of teeth or in abnormal bite patterns. See United States National Library of Medicine, Medline Plus, Malocclusion of Teeth, (Feb. 22, 2012), http://www.nlm.nih.gov/medlineplus/ency/article/001058.htm.

2
Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

members would not have purchased Align's Invisalign system had they known the aligners were not capable of treating their malocclusions. Id. ¶ 23.

### b. Procedural Background

On June 19, 2013, Plaintiff filed a class action complaint pursuant to Federal Rule of Civil Procedure 23. See Compl., Docket Item No. 1. Plaintiff then amended the Complaint as of right, filing the FAC on September 18, 2013. In the FAC, Plaintiff modified the date on which she began the Invisalign treatment, from October 2011 to December 2008. See Dkt. No. 14. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals defined in the FAC as "all persons in California, who within the relevant statute of limitation period, purchased the Invisalign[] system … to treat malocclusions." Id. ¶ 25. Plaintiff's claims are as follows: (1) violation of Magnuson-Moss Warranty Act; (2) unjust enrichment; (3) money had and received; (4) breach of express warranty; (5) breach of implied warranty of merchantability; (6) breach of implied warranty of fitness for a particular purpose; (7) violation of California's unfair competition law; (8) violation of California's False Advertising Law; (9) violation of California's Consumer Legal Remedies Act; and (10) negligent misrepresentation. See Dkt. No. 14. Align filed the instant Motion to Dismiss on October 4, 2013. See Dkt. No. 15.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in

3

Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1990). While intricate detailed factual allegation are not necessary, plaintiffs must allege sufficient facts that move beyond the level of speculation to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Fraud-based claims are subject to further heightened pleading requirements under Federal Rule of Civil Procedure 9(b). A party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice … so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). Allegations of fraud must also contain an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).

**III. DISCUSSION**

    **a. Magnuson-Moss Warranty Act**

The Magnuson-Moss Warranty Act ("MMWA"), codified at 15 U.S.C. §§ 2301–2312, et seq., provides that a consumer may assert a civil cause of action to enforce the terms of an implied or express warranty. Any "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" may file suit for damages and other legal and equitable relief. 15 U.S.C. § 2310(d).

Section 2310(d)(3)(C) of the MMWA states that no claim shall be cognizable "if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." Failure to satisfy this requirement can result in the dismissal of an action. For example, in Barr v. General Motors Corp., 80 F.R.D. 136 (S.D. Ohio 1978), the single named plaintiff failed to identify at least

4
Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

one hundred plaintiffs in the complaint.  When the named plaintiff moved for class certification, the court considered this pleading deficiency and determined both that the class certification motion should be denied and moreover that the case should be dismissed for lack of subject matter jurisdiction.  Barr, 80 F.R.D. at 140.  In doing so, the court reasoned that "there must be at least one hundred individuals Named in the complaint … [and] they must be more than unidentified potential class members;" thus, the plaintiff's generalized allegation that the class exceeded one hundred persons did not satisfy the jurisdictional requirement of section 2310(d)(3)C).  Id. at 138-39.

In the present case, Plaintiff likewise fails to name one hundred plaintiffs in the FAC.  The FAC only contains claims on behalf of a single named plaintiff, Susan Buckley, and others similarly situated.  See Dkt. No. 14.  Instead of naming other members of the class, Plaintiff alleges that the number of other plaintiffs is "in the thousands."  Id. ¶ 27.

Courts have examined whether the number of named plaintiffs is dispositive as to jurisdiction under the MMWA and have held that actually naming at least one hundred plaintiffs is unnecessary if plaintiffs otherwise properly invoke jurisdiction under the Class Action Fairness Act ("CAFA").  See, e.g., Wolph v. Acer Am. Corp., No. C 09–01314 JSW, 2009 WL 2969467, at *2 (N.D. Cal. Sept. 14, 2009) ("[B]ecause Plaintiffs allege an alternative basis for jurisdiction under CAFA, the Court has jurisdiction to adjudicate Plaintiffs' Magnuson–Moss Act claim"); see also In re NVIDIA GPU Litig., 2009 WL 4020104, at *7 n. 13 (N.D. Cal. Nov. 19, 2009) ("The Court notes that Plaintiffs satisfy the Magnuson–Moss Act's jurisdictional requirement because they allege jurisdiction based on the Class Action Fairness Act").  Here, Plaintiff states that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, i.e. federal question jurisdiction arising from the MMWA claim.  See Dkt. No. 14 ¶ 9.  Plaintiff has not asserted an alternative basis for federal jurisdiction over the action, such as CAFA.  Consequently, the Court finds that it lacks jurisdiction to hear Plaintiff's MMWA claim because there are not one hundred named plaintiffs in the FAC and because Plaintiff does not allege an alternative basis for jurisdiction.  The Court will dismiss Plaintiff's FAC on this basis.  Nevertheless, because the Court will dismiss the FAC with leave to amend, it will go on to briefly address the parties' additional arguments.

5

Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### b. Fraud-Based Claims

Align argues that every claim in Plaintiff's FAC should be dismissed because Plaintiff fails to allege facts that satisfy the plausibility and particularity standards of Rule 8 and 9(b). See Dkt. No. 15. In response, Plaintiff asserts that not all of her claims must be pled with heightened particularity. See Pl.'s Opp'n, Docket Item No. 20.

The Ninth Circuit has held that when a Plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim … the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Vess, 317 F.3d at 1103–04. Here, Plaintiff's UCL, FAL, and CLRA causes of action sound in fraud and as such are plainly subject to the heightened pleading requirements. See Brazil v. Dole Food Co., Inc., 935 F. Supp. 2d 947, 963 (N.D. Cal. 2013) (finding UCL, FAL, and CLRA claims are sound in fraud and are subject to the heightened pleading requirement of Rule 9(b)). Plaintiff's other causes of action are predicated on the same course of conduct as the UCL, FAL, and CLRA claims. See Dkt. No. 14. Throughout the FAC, Plaintiff alleges that Align utilized misleading marketing practices to deceive customers into purchasing the Invisalign system, a decision that the class members would not have made had they known the aligners would not treat their malocclusions. Id. ¶ 3. Therefore, even though fraud is not necessarily an element of each claim, the Court finds that all of Plaintiff's claims are subject to the heightened pleading standard of Rule 9(b) because the crux of Plaintiff's allegations are premised on a uniform course of fraudulent conduct. Vess, 317 F.3d at 1103.

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1103 (quoting Cooper, 137 F.3d at 627). Plaintiff argues that she has satisfied these requirements; however, the Court disagrees for at least two reasons. See Dkt. No. 20.

First, Plaintiff alleges that Invisalign's marketing practices misleads consumers into believing that the aligners can treat malocclusions. See Dkt. No. 14 ¶ 2. Plaintiff focuses on "prominently displayed … advertising, including brochures placed in dentists and orthodontists offices, advertisements, and on its website." Id. ¶ 3. Although Plaintiff highlights alleged false

6

Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

advertisements, she fails to specify that she relied on these marketing practices to her detriment. Nowhere in the FAC does Plaintiff specify that she was exposed to Invisalign's advertisements or website before she started the Invisalign treatment.

Second, Plaintiff makes the conclusory allegation that the Invisalign system cannot treat malocclusions. Id. ¶ 1. To support this contention Plaintiff provides her own personal experience with the Invisalign system, but fails to allege how the aligners cannot treat the malocclusions of other consumers. Id. ¶ 6. A plaintiff is required to provide enough detail to give opposing parties notice of the particular misconduct that is alleged to constitute fraud. Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 999 (9th Cir. 2010). If the complaint only tenders "naked assertion[s]" devoid of "further factual enhancement," then the complaint cannot survive a motion to dismiss. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Plaintiff's statement fails to provide such necessary factual enhancements as to the fraud alleged; therefore, the Court finds that Plaintiff's FAC does not satisfy the Rule 9(b) heightened pleading requirement.

### c. Statute of Limitations

Align argues that Plaintiff's claims are barred by the applicable statute of limitations. See Dkt. No. 15. In opposition, Plaintiff contends that the delayed discovery rule applies to her claims. See Dkt. No. 20. For purposes of the instant motion, the Court agrees with Plaintiff.

A federal court must apply state substantive law in adjudicating state law claims. See Felder v. Casey, 487 U.S. 131, 151 (1988). State statutes of limitations are considered substantive state law, which federal courts must apply in such cases. See Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945). In the present case, because Plaintiff asserts California state law claims, this Court applies California statute of limitations. In California, a cause of action accrues "when the cause of action is complete with all of its elements." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). An exception to the rule of accrual is the delayed discovery rule, which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005).

Here, Plaintiff has included sufficient allegations for the court to infer that the delayed discovery rule may apply. Plaintiff indicates in the FAC that she began using the aligners after

7
Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Invisalign employees evaluated her dental impressions and approved her Invisalign treatment. See Dkt. No. 14 ¶ 20. Plaintiff wore the aligners as directed between December 29, 2008 and November 2010. Id. ¶ 6. It was on or after November 2010 that Plaintiff discovered that the Invisalign system was not treating her malocclusions. Id. Plaintiff relied on Align's approval to use Invisalign aligners and, under the facts as alleged, it could not necessarily have been readily apparent to Plaintiff before commencing treatment that the Invisalign product would not treat her malocclusions. Under the facts as alleged, it would be unreasonable to begin accruing Plaintiff's claims when she purchased and received the Invisalign product. See Fox, 35 Cal. 4th at 807.

### d. Defects Particular to Several Claims

#### i. Unjust Enrichment

This Court has recognized that a claim for unjust enrichment exists under California law when there is no contractual relationship between the parties. See In re Apple In-App Purchase Litigation, 855 F. Supp. 2d 1030, 1042 (N.D. Cal. 2012); see also Blennis v. Hewlett–Packard Co., 2008 WL 818526, at *4 (N.D. Cal. Mar. 25, 2008) ("'[a] plaintiff can recover for unjust enrichment only where there is no contractual relationship between the parties … Plaintiffs are entitled to plead an unjust enrichment claim in the alternative") (quoting Gerlinger v. Amazon.com, Inc., 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004); cf. Gerlinger 311 F. Supp. 2d at 856 ("Because plaintiff cannot allege in good faith … that no contract exists between himself and [defendants], this court dismisses plaintiff's unjust enrichment claim without leave to amend"). In this case, Plaintiff does not state that a contractual relationship existed between the parties. Therefore, Plaintiff may properly plead an unjust enrichment claim.

In addition, this Court acknowledges that Plaintiff also makes claims for implied warranties, which require a contractual relationship. For pleading purposes, plaintiffs "may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. Pro. (8)(d)(3). Therefore, Plaintiff is entitled to plead both unjust enrichment and implied warranties in the FAC.

#### ii. Money Had and Received

Money had and received is also a recognized cause of action "based upon an implied promise which the law creates to restore money which the defendant in equity and good conscience

8
Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

should not retain." Pollak v. Staunton, 210 Cal. 656, 665 (1930). For a plaintiff to recover under money had and received, "she must show that a definite sum, to which she is justly entitled, has been received by defendant." Bastanchury v. Times–Mirror Co., 68 Cal. App. 2d 217, 236 (1945). A plaintiff must also plead that "the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." Schultz v. Harney, 27 Cal. App. 4th 1611, 1623 (1994) (citation and internal quotation marks omitted).

Plaintiff alleges that she and class members paid Align for Invisalign aligners and suffered financial loss. See Dkt. No. 14 ¶ 51. She asserts that the "average cost of the Invisalign[] system is roughly $5,000 per patient in the U.S." Id. ¶ 5. However, Plaintiff fails to specify what she paid for her own Invisalign treatment. Therefore, the FAC fails to state a claim for money had and received, because Plaintiff does not allege a definite sum that Align received from her.

### iii. Breach of Implied Warranties

In California, "privity of contract is required in an action for breach of either express or implied warranty." Burr v. Sherwin Williams Co., 42 Cal. 2d 682, 695 (1954). A plaintiff asserting breach of warranty claims "must stand in vertical contractual privity with the defendant." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008). Align contends that Plaintiff cannot satisfy this vertical privity requirement. See Dkt. No. 20. The Court agrees.

As required for a breach of implied warranty claim, a buyer and seller stand in privity if they are in "adjoining links of the distribution chain." Clemens, 534 F.3d at 1023. For instance, an "end consumer" who buys a product from a retailer is not in privity with a manufacturer. Id. However, if an "end consumer" purchases a product directly from a manufacturer, the parties are then "adjoining links of the distribution chain" and stand in privity. Id. In the present case, Plaintiff and Align are not "adjoining links" in the chain of distribution. Plaintiff does not claim that she dealt directly with Align, nor that she directly paid Align for the Invisalign treatment. Instead, Plaintiff utilized her dentist, a retailer, to obtain the Invisalign aligners. See Dkt. No. 14 ¶¶ 6, 20. Therefore, Plaintiff and Align do not stand in privity.

Courts have recognized exceptions that allow plaintiffs to assert claims of express or implied warranties regardless of privity of contract. Exceptions to the privity rule arise in the case

9

Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

of foodstuff, drugs, and pesticides. See, e.g., Klein v. Duchess Sandwich Co., 14 Cal. 2d 272, 284 (1939) [foodstuffs]; Gottsdanker v. Cutter Laboratories, 182 Cal. App. 2d 602, 607 (1960) [polio vaccine]; Arnold v. Dow Chemical Co., 91 Cal. App. 4th 698, 720–721 (2001) [pesticide spray]. Another exception arises when a purchaser of a product relies on a manufacturer's written representations in labels or advertising material. See Clemens, 534 F. 3d at 1023. Yet, courts have only applied this exception to actions for breach of express warranty. See Burr, 42 Cal. 2d at 696 ("The facts of the present case do not come within the exception … where representations are made by means of labels or advertisements, it applicable only to express warranties. As we have seen, the instruction involved here dealt only with implied warranties"). Here, Align only argues that Plaintiff is not in privity with Align to assert claims of breach of implied warranties. Consequently, the exception for a purchaser's reliance on a manufacturer's written representations is not applicable this context. Plaintiff, therefore, cannot assert claims for breach of implied warranties.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss with leave to amend. Any amended complaint must be filed within twenty-one days of the date of this Order. Plaintiff is advised that she may not add new claims or parties without first obtaining Defendant's consent or leave of court pursuant to Federal Rule of Civil Procedure 15. Plaintiff is further advised that failure to amend the complaint in a manner consistent with this order may result in the dismissal of this action.

**IT IS SO ORDERED**

Dated: July 31, 2014

_____
EDWARD J. DAVILA
United States District Judge

10
Case No.: 5:13-CV-02812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS